UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RYAN KEITH RANDOLPH,
    a/k/a/ Keith Randolph,

                                        Plaintiff,                9:12-CV-0099
                                                                  (MAD/RFT)
    v.

GOODE, et al.,

                                        Defendants.
_____

APPEARANCES:

RYAN KEITH RANDOLPH,
  a/k/a/ Keith Randolph
10-A-0814
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**MAE A. D'AGOSTINO, United States District Judge**

### DECISION AND ORDER

**I.    INTRODUCTION**

    Plaintiff *pro se* Ryan Keith Randolph commenced this action in December, 2011 in the United States District Court for the Southern District of New York. *See* Dkt. No. 1. By Order of Chief District Judge Loretta A. Preska, the action was transferred to this District. *See* Dkt. No. 4.[1]

    In a Decision and Order filed May 1, 2012, this Court granted Plaintiff's application for *in*

---

[1] A second action filed by Plaintiff in the Western District of New York was also transferred to this District and is pending. *See Vasquez v. Riverview Correction*, No. 9:12-CV-0878 (MAD/CFH). Plaintiff's claims in this action appear to be substantially similar to the claims asserted in *Vasquez v. Riverview Correction*, No. 9:12-CV-0878 (MAD/CFH).

*forma pauperis* status, dismissed Clinton Correctional Facility as a Defendant, and directed the U.S. Marshal to effect service on the remaining Defendants. *See* Dkt. No. 10.

Plaintiff was duly notified by the Clerk of the Court of the documents required by the U.S. Marshal for service. *See* Dkt. No. 11. Plaintiff was afforded thirty days in which to provide those documents. *See id*. In addition, Plaintiff was advised that his failure to provide the necessary documents could result in the dismissal of this action. *See id.*

Upon Plaintiff's failure to provide the documents required for service of process, he was afforded a second and then a third opportunity to do so. *See* Text Order filed 6/6/12 (D'Agostino, D.J.) (resetting the deadline to 7/6/12); Text Order filed 7/10/12 (D'Agostino, D.J.) (resetting the deadline to 8/10/12). On both occasions, Plaintiff was clearly advised that his failure to provide the necessary documents could result in the dismissal of this action. *See id.*

Plaintiff has not complied with the prior Orders in this action regarding service of process. Indeed, Plaintiff has not communicated with the Court or the Clerk regarding any aspect of this action since filing his amended complaint in March, 2012.[2]

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. *See Link v. Wabash R.R. Cnty. Indep. Sch. Dist.*, 370 U.S. 626

---

[2] There is no indication on the docket that Plaintiff did not receive the prior Orders.

(1962).³ This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996).⁴

The Court has carefully considered the five factors relevant to the dismissal of an action for failure to prosecute, and/or failure to obey a court order, under Fed. R. Civ. P. 41(b), and has concluded that they weigh decidedly in favor of the dismissal of this action. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). The duration of Plaintiff's failure is now some four months, having begun on or about June 1, 2012.⁵ Plaintiff clearly received adequate notice that the failure to provide the required documents could result in dismissal of his action, and the Court finds that Defendants may be prejudiced by further delay in the proceedings.⁶ Moreover, in light of the fact that Plaintiff has not indicated his intention to comply with the Court's Orders or requested additional time in which to do so, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to comply therewith. Lastly, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances. Nevertheless, in light of

---

³ It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

⁴ Even though Fed. R. Civ. P. 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, *sua sponte*, for failure to prosecute. *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).

⁵ *See* N.D.N.Y. Local Rule 41.2(a) (unless a date has been set for pretrial proceedings or for trial, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution").

⁶ *See Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that Plaintiff has caused here can only make matters worse").

Plaintiff's *pro se* status, the Court directs that the dismissal of this action be without prejudice.[7]

### III.   CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that this action is **DISMISSED without prejudice** due to Plaintiff's failure to comply with Court's Orders regarding the requirements for service of process, and the Clerk is directed to enter judgment accordingly; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: October 16, 2012
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[7] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).